IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TIMOTHY L. GADSON, SR.,
Inmate No. E108439,
    Plaintiff,

vs.                                          Case No.:  3:19cv460/RV/EMT

SANTA ROSA CORRECTIONAL
INSTITUTION, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff, currently an inmate in the Florida Department of Corrections, proceeding pro se, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 in the Southern District of Florida (ECF No. 1).  The case was later transferred to this district, after which Plaintiff was, on multiple occasions, given the opportunity to file an amended complaint on the proper form and either submit the filing fee or submit a properly completed motion to proceed in forma pauperis ("IFP") (ECF Nos. 13, 16, 21).

Plaintiff has now filed a complete motion to proceed IFP (ECF No. 23).  Also pending is a motion for injunctive relief  (ECF No. 18).

Pursuant to the "three strikes" provision of the Prison Litigation Reform Act:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [governing IFP proceedings] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The court takes judicial notice that at least three cases previously filed by Plaintiff in the United States District Courts have been dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted. *See* Gadson v. Jones, Case No. 5:18cv45/MCR/GRJ (N.D. Fla. June 25, 2018) (dismissing Plaintiff's prisoner civil rights action as malicious); Gadson v. Gerber, Case No. 9:18cv80209/DMM (S.D. Fla. June 5, 2018) (dismissing Plaintiff's prisoner civil rights action for failing to state a claim); Gadson v. Moore, Case No. 5:08cv107/RS/MD (N.D. Fla. July 3, 2008) (dismissing Plaintiff's prisoner civil rights action for failing to state a claim). The foregoing cases may be positively identified as having been filed by Plaintiff, because they bear his name and Florida Department of Corrections Inmate Number, 108439. *Id*. All of the dismissals were entered prior

to December 14, 2018, the date Plaintiff filed this lawsuit in the Southern District (ECF No. 1). Thus, Plaintiff's status as a "three striker" is clearly established.

A prisoner with three strikes is precluded from proceeding IFP in a civil action unless it can be shown that he meets the "imminent injury" exception that is provided in Section 1915(g). For this exception to be met, the court must be able to determine from the complaint that the plaintiff is under imminent danger of serious physical injury. Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004). In so doing, the court must construe the complaint liberally and accept its allegations as true. *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002). However, general allegations that are not grounded in specific facts to indicate that serious physical injury is imminent are not sufficient to invoke the exception to Section 1915(g). Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent

danger exception. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception is not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to the filing of his complaint); *see also* Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 213 (3d Cir. 2001).

Here, at the time Plaintiff initiated this action on December 14, 2018, he was confined at Apalachee Correctional Institution (*see* ECF No. 1 at 1). The Defendants in this complaint include correctional officers and other officials at Santa Rosa Correctional Institution ("SRCI"), only (*id*. at 1–2). Although Plaintiff's allegations are somewhat difficult to decipher, he appears to complain about the fact or circumstances of his underlying conviction, as he references "a writ of habeas corpus" (*id*. at 2). He also references incidents involving damage to, or the taking of, his property by SRCI officials, as well as an alleged use of force at SRCI in August of 2018. He makes no discernable allegations regarding future harm (*id*. at 1–3).

It is therefore clear that Plaintiff was not under imminent danger of serious physical injury when he initiated this action.  His allegations relate to either his conviction or to actions that occurred at SRCI *before* he was transferred to Apalachee Correctional Institution, where he was imprisoned when he filed this case.  As discussed above, a claim by a prisoner that he faced a *past* imminent danger is an insufficient basis to allow him to proceed under the imminent danger exception.

Because Plaintiff is subject to section 1915(g), he is not eligible to proceed in forma pauperis.  And, because Plaintiff did not pay the $400.00 filing fee at the time he initiated this civil rights action, this case should be dismissed.  Leave should not be provided to allow him to pay the fee.  Rather, because a prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee *at the time he initiates the suit*, his failure to do so warrants dismissal without prejudice.  Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001).  Dismissal without prejudice would permit the initiation of a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

Accordingly, it is respectfully **RECOMMENDED**:

1.   That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED without prejudice** to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

2.   That any pending motion be **DENIED as moot**.

At Pensacola, Florida, this 15th day of August 2019.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**